NEW-YORK,
May, 1821.

THE PEOPLE
v.
FOOT.

THE PEOPLE *against* FOOT, impleaded with ATWATER.

The Council of Appointment being created by the *constitution* with certain powers, the legislature cannot prescribe to them the manner in which they are to execute those powers, or prevent their removing an incumbent from office, and appointing a successor, whenever they think fit.

The 13th section of the act, sess. 31. ch. 216. passed *April* 11, 1808, which directs, that if the Council of Appointment are satisfied that a *commissioner for loaning money* has faithfully discharged the duties of his office, they may accept his resignation, and appoint another in his place, is, therefore, of no effect. And where a *surety* for such officer is sued on the bond given, pursuant to the act, for the faithful discharge of his duties, it is no defence, that the commissioner, after a default, resigned his office, which was immediately accepted by the Council, and a successor appointed, whereby the defendant was lulled into security,

THIS was an action of debt on a bond, given by *Russel Atwater*, one of the commissioners of loans for the county of St. *Lawrence*, and by the defendant *Foot*, as his surety, pursuant to the " act authorizing the loan of moneys to the citizens of this state," passed *April* 11, 1808. (Sess. 31. ch. 216. 5 *Webs. ed.* 393.) The condition of the bond was for the faithful performance of the office and duty of a commissioner for loaning money, pursuant to the act, &c. The breach assigned was for a default, by R. *A.*, in the payment of interest, to the amount of 134 dollars and 19 cents, which he ought to have paid into the treasury, on the 1st of *July*, 1817, but which he had neglected to do.

*Atwater* resigned his office on the 19th of *March*, 1818; his resignation was accepted by the council of appointment, and *Thomas J. Davies* was, on the same day, appointed commissioner for loaning money in the county, in his place. The suit was commenced in *January* last.

On a case submitted to the Court, it was agreed, that if the Court should be of opinion that the defendant *Foot*, as surety, was liable for the deficiency of 134 dollars 19 cents, then judgment for the plaintiffs should be entered, for that amount, with interest; otherwise, a judgment was to be entered for the defendant.

*Oakley*, (Att. Gen.) for the plaintiffs.

*B. F. Butler*, contra:

SPENCER, Ch. J. delivered the opinion of the Court. *Atwater* resigned his office on the 19th of *March*, 1818, and the council accepted his resignation, and appointed a successor. The question is, whether under the 13th section of the act referred to, the defendant is discharged as surety. That section enacts, that if any of the commissioners appointed under that act, shall desire to be discharged from office, and

shall signify such desire to the council of appointment, the council, upon being satisfied that such commissioner hath faithfully demeaned himself, according to the true intent and meaning of the act, shall accept his resignation, and appoint another fit and proper person, &c.

The substance of this provision is, that when a commissioner tenders his resignation, the council of appointment being satisfied that he has faithfully demeaned himself in his office, may accept of his resignation, and appoint a successor; but it is implied by the act, that if the council are not satisfied that he has faithfully demeaned himself, they shall not accept his resignation, nor appoint a successor. The council of appointment is created by the constitution, and all officers, whether civil or military, except in a few specified cases, hold their offices during the pleasure of the council. The legislature, therefore, cannot prescribe to the council the mode or manner of executing the constitutional trust reposed in them. They cannot prevent their removing an incumbent from office, or accepting his resignation, whenever they see fit; much less can they inhibit the council from accepting a resignation and appointing a successor. The section under consideration seems to contemplate an examination by the council into the official conduct of a commissioner under this act. This inquiry, the council may or may not make, according to their discretion. Having the constitutional power to remove an incumbent when the council see proper, it can never be required of them, by a legislative act, not to accept a resignation, or not to consider the office vacant, and not to fill it. The act introduces a new and extraordinary principle : if a commissioner has failed to execute his duties faithfully, and is desirous to retire from office, his resignation is not to be accepted, but a faithless man is to be retained in office, because he is faithless.

This section of the act being nugatory, and at war with the constitutional powers of the council, cannot avail the defendant. If he has been deluded into security, in consequence of his knowledge of *Atwater's* resignation, and of the acceptance of it, and the appointment of a successor, and has thereby been thrown off his guard, and omitted to secure

NEW-YORK,
May, 1821.

himself, as by due vigilance he could have done, it is a case strongly recommending itself to legislative provision, but does not form a bar to this suit in a court of law.

Judgment for the plaintiff.